UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-00138-R

MARY EDWARDS and
LEW EDWARDS                                                    PLAINTIFFS

v.

TARGET CORPORATION                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment.

Def.'s Mot. Summ. J., Docket Number ("DN") 12.  The Plaintiffs have responded.  Pls.' Resp.,

DN 14.  The Defendant has replied.  Def.'s Reply, DN 15.  Fully briefed, this matter is now ripe

for adjudication.  For the following reasons, the Defendant's motion is DENIED.

## BACKGROUND

The issue before the Court is whether a retail store had a duty to protect one of its

customers from the injuries she sustained when she tripped and fell over a parking barrier in the

store's parking lot.  The Court finds that the store had a duty to protect the customer from the

danger created by the parking barrier because it was not open and obvious.  Moreover, even if

the danger was open and obvious, a duty to protect remained because the customer's injuries

were foreseeable.

The Defendant, Target Corporation ("Target"), owns and operates a retail shopping store

at 1631 Ring Road in Elizabethtown, Kentucky.  The store's main entrance faces west, and a

large parking lot (the "west" lot) is located in front of the store.  Another parking lot (the "south"

lot) borders the store's southern side.  The south lot is smaller than the west lot and only contains

two rows of parking spaces.  These rows are bisected by a traffic lane.  Of the two rows, the one

1

at issue in this case abuts and is immediately adjacent to the store's southern wall.  The parking

spaces in this row are perpendicular to the store's exterior and are divided by painted yellow

lines.

The south lot contains several raised concrete parking barriers.  The barriers are

positioned at the front of the parking spaces and prevent customers' vehicles from striking the

building when parking.  Because the barriers prevent customers from parking too close to the

building, they create a traversable pathway between the building and the parking spaces.

The arrangement of parking barriers and spaces is critically important in this case

because the spaces in the south lot do not have individual parking barriers.  Instead, every pair of

parking spaces shares a single barrier that extends halfway across each space.  For example, the

first parking barrier in the south lot is shared by the first and second parking spaces.  The right

front tire of a vehicle parked in the first space rests against the barrier, while the left front tire of

a vehicle parked in the second space shares and rests against the same barrier used by the first

vehicle.  Anyone walking between the vehicles and towards the store would necessarily have to

step over the barrier.  The second and third parking spaces do not share a parking barrier, but the

third and fourth spaces do.  In this way, for every four parking spaces, there are only two

barriers.  An understanding of this configuration is central to this case because the Plaintiff,

Mary Edwards ("Mrs. Edwards"), claims that she was injured when she tripped and fell over the

barrier extending between the first and second parking spaces in the south lot.

On February 27, 2010, Mrs. Edwards and her husband, Lew Edwards ("Mr. Edwards"),

traveled from their home in Greensburg, Kentucky to Elizabethtown to shop and run errands.  At

approximately 4:00pm, while it was still daylight, the couple arrived at the Elizabethtown Target.

The Edwardses had visited this particular store on several prior occasions but always parked in

the larger, west lot during those visits.  They had never previously parked in the south lot.  On this particular day, however, most of the parking spaces in the west lot were full, and Mr. Edwards drove around to the south lot where he parked in the third or fourth space in the row abutting the store.  Mr. Edwards parked in the third or fourth space because the first two spaces were occupied.[1]

The Edwardes parked and exited their vehicle but took different routes into the store.  Mr. Edwards walked to the front of the car, towards the store's southern wall, and used the pathway between the parking barriers and the building.  A shopping cart blocked part of the pathway in front of the first and second parking spaces, but Mr. Edwards navigated around it without incident, rounded the corner of the building, and entered the store.  Mrs. Edwards, on the other hand, exited the passenger side of the vehicle and walked away from the building, towards the rear of the car.  She then walked in the traffic lane, around the southern side of the row of cars, and into the store.  She did not use the pathway between the parking barriers and the building when she entered the store.

The Edwardses completed their shopping shortly thereafter, and Mr. Edwards exited the store while his wife paid for their items.  Mr. Edwards returned to their vehicle using the same route he had previously taken.  The shopping cart remained in the pathway in front of the first and second parking spaces, but Mr. Edwards again walked around it without incident.  He then waited in the car for about five minutes, and when Mrs. Edwards did not appear, he prepared to exit and look for his wife.  As he left the vehicle, Mrs. Edwards came around the corner of the

---

[1] Conflicting testimony exists as to whether a vehicle occupied the second space at the time of the accident.  A witness testified that she did not believe there was a vehicle in the second space.  Depo. Heather Wallace, DN 12-10, p. 26:2-8.  Mrs. Edward testified that cars occupied the first and second spaces.  Depo. Mary Edward, DN 14-3, p. 32:4-8.  Mr. Edwards testified to the same.  Depo. Lew Edwards, DN 14-2, p. 14:14-15.  Because the Court must draw all ambiguities and all reasonable inferences against the moving party when addressing a motion for summary judgment, the Court finds that vehicles occupied the first two parking spaces in the south lot at the time of the accident.

building holding her shoulder bag, a bag with her items from the store, and a bag of popcorn.

Instead of returning to the vehicle along the route she used to enter the store, Mrs. Edwards

followed the route used by her husband.  Like her husband, Mrs. Edwards encountered the

shopping cart blocking the pathway.  Instead of attempting to navigate around the cart, however,

Mrs. Edwards pushed it down the pathway a short distance and then turned to walk between the

cars parked in the first and second spaces.  As she proceeded between the fronts of the cars, Mrs.

Edwards fell and broke her right hip.  She alleges that she did not see the parking barrier

extending between the first and second parking spaces and that the concealed nature of the

barrier created a dangerous condition that caused her to trip and fall to her injury.  Two primary

witnesses saw Mrs. Edwards fall, Mr. Edwards and Heather Wallace, who was sitting in the

vehicle parked in the first space.

Target now moves for summary judgment on the grounds that it had no duty to protect

Mrs. Edwards from the open and obvious danger created by the parking barrier and that her

injuries were unforeseeable.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve

all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the case.

*Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere

scintilla of evidence in support of his position; the plaintiff must present evidence on which the

trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for

summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly

supported motion for summary judgment.  A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys.*

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

      Finally, while the substantive law of Kentucky is applicable to this case pursuant to *Erie*

*Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the

standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as

expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)."  *Gafford v.*

*Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) (abrogated on other grounds in *Hertz Corp. v.*

*Friend*, 130 S. Ct. 1181 (2010)).

## DISCUSSION

      Target moves for summary judgment on the grounds that it had no duty to protect Mrs.

Edwards from the open and obvious danger created by the parking barrier and that her injuries

were unforeseeable.  Mrs. Edwards responds that the danger created by the barrier was not open

and obvious and Target had a duty to protect her from injuries caused by it.  Alternatively, Mrs.

Edwards argues that even if the danger was open and obvious, Target still had a duty to protect

her because her injuries were foreseeable.

### I.       The law of premises liability in Kentucky.

As a general rule, an owner or possessor of land has a duty to protect an invitee[2] from

physical injuries caused by dangerous conditions on the property, whether known or unknown to

the invitee.  *See* Restatement (Second) of Torts § 343 (1965).  Certain exceptions narrow the

coverage of this rule, however, and the exception at issue in this case is the "open and obvious

danger" rule.  Under that rule, "[a] possessor of land is not liable to his invitees for physical harm

caused to them by any activity or condition on the land whose danger is known or obvious to

them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

*Id.* § 343A(1).

In *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 390 (Ky. 2010), the

Kentucky Supreme Court adopted the rule set forth in § 343A(1) of the Second Restatement of

Torts and explained how it applies in Kentucky.  As the court guided:

> The lower courts should not merely label a danger as 'obvious' and then deny
> recovery.  Rather, they must ask whether the land possessor could reasonably
> foresee that an invitee would be injured by the danger.  If the land possessor can
> foresee the injury, but nevertheless fails to take reasonable precautions to prevent
> the injury, he can be held liable.  Thus, this Court rejects the minority position,
> which absolves, *ipso facto*, land possessors from liability when a court labels the
> danger open and obvious.

*McIntosh*, 319 S.W.3d at 392.

Elaborating on the comments to § 343A, the *McIntosh* Court established three

circumstances in which injuries caused by an open and obvious danger are foreseeable to the

land possessor.  First, a land possessor can be liable to an invitee for injuries where it is

foreseeable that the invitee will be distracted from the open and obvious danger.  *Id.* at 393

(citing Restatement (Second) of Torts § 343A cmt. f (1965)).  Second, a land possessor can be

---

[2] For the purposes of this case, an "invitee" is "a person who is invited to enter or remain on the land for a purpose
directly or indirectly connected with business dealings with the possessor of the land."  Restatement (Second) of
Torts § 332(3) (1965).

liable to an invitee for injuries caused by an open and obvious danger where "'the possessor has reason to expect that the invitee [] . . . will forget what he has discovered.'" *Id.* at 394 (quoting Restatement (Second) of Torts § 343A cmt. f (1965)). Finally, a land possessor can be liable for an invitee's injuries where "'the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.'" *Id.* (quoting Restatement (Second) of Torts § 343A cmt. f (1965)).

II.     **The parking barrier did not create an open and obvious danger on the premises.**

Target argues that it had no duty to protect Mrs. Edwards because the parking barrier over which she tripped and fell was an open and obvious danger. The Court disagrees and finds that the condition created by the barrier was not known or obvious.

For a condition to be "open and obvious" it must be both known and obvious. A danger is "known" when one not only has knowledge of the existence of the condition, but also appreciates the danger it involves. *See Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 367 (Ky. 2005). The record contains no evidence that Mrs. Edwards knew of the barrier prior to tripping and falling over it. Although she and her husband had visited the store on multiple occasions, they had never parked in the south lot. As such, Mrs. Edwards did not know of the condition or layout of the parking barriers prior to this particular visit. While familiarity, or the lack thereof, with a condition does not affect its obviousness, familiarity can demonstrate one's knowledge of the condition. Here, the record shows that Mrs. Edwards was not familiar with and had no knowledge of the barriers prior to falling. After exiting their vehicle, Mrs. Edwards walked away from the parking barriers and along the rear of the vehicles in the south lot before entering the store. She could not have seen the barriers at this time because vehicles

parked in the first three spaces obstructed her view of the barriers.  Target has presented no

evidence indicating that the parking barriers were known to Mrs. Edwards prior to the fall.  On

the contrary, Mrs. Edwards own testimony shows that she did not know of them.  In her

deposition Mrs. Edwards was asked directly whether she had seen or noticed the barriers before

her fall.  Depo. Mary Edwards, DN 14-3, p. 34:22-23.  Mrs. Edwards directly denied any such

knowledge.  *Id.* at p. 34:24.  Accordingly, the danger presented by the parking barrier was not

known to Mrs. Edwards prior to the fall.

Furthermore, Target's evidence does not demonstrate that the danger created by the

parking barrier was obvious.  A danger becomes "obvious" when "both the condition and the risk

are apparent to and would be recognized by a reasonable man in the position of the visitor

exercising ordinary perception, intelligence, and judgment."  *Bonn v. Sears, Roebuck & Co.*, 440

S.W.2d 526, 529 (Ky. App. 1969).  Based on this definition and under the particular facts of this

case, the condition and the risk created by the parking barrier would not be obvious to a

reasonable person in Mrs. Edwards's position.

Photographs entered into the record show that the parking barrier at issue is gray and

distinguishable from the blacktopped parking lot it sits on.  This alone is not enough to make the

condition created by the barrier obvious, however, because its unique positioning concealed the

risk created by it.  It is undisputed that the parking barrier at issue straddles the first two spaces.

At the time of Mrs. Edwards's fall, cars occupied the first and second parking spaces, partially or

entirely concealing the barrier.  A reasonable person in Mrs. Edwards's position would not look

for or recognize a raised obstruction in the path between two parking spaces because this space is

commonly used for ingress and egress from vehicles and is expected to be clear of obstructions.

Furthermore, in response to the motion for summary judgment, Mrs. Edwards presented the

report of her expert witness, Chuck Cullen, who is a certified administrator of public parking. *See* Expert Report, DN 14-5.  In his report, Cullen notes that despite his substantial experience in the parking industry, he has never observed parking barriers configured in the manner used at the Elizabethtown Target.  *Id.* at p. 5.  Overall, the danger created by the barriers was not obvious and would not have been observed by a reasonable person in Mrs. Edwards's position.

Target argues that summary judgment is appropriate because the facts of this case and the condition created by the parking barrier are similar to the condition at issue in *Lucas v. Gateway Community Services*, 343 S.W.3d 341 (Ky. App. 2011).  *Lucas* is distinguishable and not instructive in the present case, however.  In *Lucas*, the plaintiff fell and injured her arm in the parking lot on the defendant's premises when she crossed from a blacktopped portion of the lot into a graveled area.  *Id.* at 342.  In her deposition the plaintiff testified that she had visited the premises on numerous occasions; was familiar with the premises, including the area where she fell; that her view had not been obstructed; and that she would not have fallen had she been looking at her feet.  *Id.*  Ultimately, the Kentucky Court of Appeals affirmed the lower court's grant of summary judgment to the defendants because the condition was open and obvious and the plaintiff's injuries were not foreseeable.  *Id.* at 345-47.

The facts in the present case are decidedly different than those in *Lucas*.  Here, Mrs. Edwards was not familiar with the area of the parking lot where she fell; her view of the hazard created by the parking barrier was at least partially obstructed by the parked cars; and her testimony is that she did not see the barrier prior to falling.  *Lucas* is not instructive or persuasive in the present case because the facts are decidedly different.

Although *Lucas* is not instructive, the present case is similar to *Horne v. Precision Cars of Lexington*, 170 S.W.2d 364 (Ky. 2005).  In *Horne*, the plaintiff, Andrew Horne, was injured

9

when he tripped and fell over a parking barrier similar to the one at issue in this case. *Id.* at 366.

Horne was a business invitee on the defendant car dealer's premises and wanted to test-drive a

vehicle. *Id.* The vehicle he was interested in had been improperly backed into a parking space in

front of the business. *Id.* The car was parked too far to the left and at an angle so that the "left

rear wheel was to the left of and past the barrier, concealing the barrier's presence from persons

observing the vehicle from the left side. Because the vehicle was parked too far to the left, the

right side of the barrier projected outward from under the right rear of the vehicle." *Id.* Horne

had been on the left side (driver's side) of the vehicle, but when it came time to test-drive the car,

he was informed that the salesman would have to drive the vehicle off the lot. *Id.* Because of

this restriction, Horne and the salesman, who had been in the passenger side, were required to

switch places. *Id.* Horned exited the driver's side and walked around the rear of the vehicle. *Id.*

As Horne was walking down the passenger side the salesman was describing the car's features,

and Horne was injured when he tripped over the parking barrier that extended past the vehicle's

right rear tire. *Id.* In his deposition, Horne testified that he had never previously been on the

dealership's lot, had not noticed the barriers when he parked, and did not see the barrier at issue

until he fell over it. *Id.* The lower courts held that the parking barrier was an open and obvious

danger and that the business had no duty to warn or protect Horne against it. *Id.* at 347. The

Kentucky Supreme Court reversed this finding because "the parking barrier on which [Horne]

tripped and fell was not 'known or obvious to' [him]."[3] *Id.* at 370. In coming to this conclusion,

the court observed:

> While parking barriers, curbing, division strips, and other such obstructions
> commonly used in parking areas to protect automobiles from property damage
> (and buildings from automobile damage) are not *per se* dangerous or unsafe, they

---

[3] The Court also concluded that even if the barrier was open and obvious the defendant could still be liable because Horne's injuries were foreseeable where the salesman, describing the car's virtues, distracted Horne from discovering or observing the dangerous condition created by the parking barrier. *Horne*, 170 S.W.3d at 370.

can become so when their presence is hidden or otherwise not readily apparent to invitees using the premises.

*Id.* at 369.

The present case is more like *Horne* than *Lucas*. Although Mrs. Edwards had previously been on Target's premises, she had never been in this particular portion of the parking lot. Furthermore, she did not see the parking barriers when she arrived on the premises and did not observe them until after she fell. And like *Horne*, the parking barrier over which Mrs. Edwards tripped and fell was at least partially concealed by cars near the barrier. In fact, it is likely that the barrier in this case was more fully concealed than the one at issue in *Horne*, since the fronts of two cars covered some or all of this particular barrier and only one vehicle hid a portion of the barrier in *Horne*.

In all, the Court finds that the condition created by the parking barrier was not an open and obvious danger. It was not known to Mrs. Edwards and would not have been obvious to a reasonable person in her position. As such, summary judgment is inappropriate because Target had a duty to protect Mrs. Edwards from concealed dangers on the premises. Whether Target breached that duty is a question of fact left for the jury to decide.

### III. Even if the parking barrier created an open and obvious danger, Mrs. Edwards's injuries were foreseeable.

The Court has found that summary judgment is inappropriate because the condition created by the parking barrier in Target's south lot was not an open and obvious danger. This is enough to end the analysis, but in the interest of completeness, the Court considers the result if it had found otherwise. Even if the barrier was open and obvious, summary judgment would still be inappropriate because Mrs. Edwards's injuries were foreseeable to Target under two of the circumstances articulated by the Kentucky Supreme Court in *Kentucky River Medical Center v.*

11

*McIntosh*, 319 S.W.3d 385 (Ky. 2010).

The rule from *McIntosh* is clear.  A possessor of land has no duty to protect his invitees from an open and obvious danger on the premises unless it is foreseeable to the possessor that the invitees will be harmed by the danger despite its open and obvious nature.  *See id.* at 389 (citing Restatement (Second) of Torts § 343A(1) (1965)).  After articulating this rule, the court identified certain circumstances - two of which are applicable in the present case - in which an invitee's injuries are foreseeable despite the presence of an open and obvious danger.

First, an owner or possessor of land may "'expect harm to the visitor from known or obvious dangers . . . where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious . . . ."  *Id.* at 389-90 (quoting Restatement (Second) of Tort § 343A(1) cmt. f (1965)).  In the present case, even if the parking barrier created an open and obvious danger, it was foreseeable to Target that Mrs. Edwards would be injured because she was distracted from and would not discover the danger.  Parking lots on the premises of large retail stores, like Target, are generally busy places full of distractions.  The store's patrons must navigate around stationary and moving vehicles, shopping carts, and large numbers of other customers leaving and entering a store.  Additionally, it is common for customers leaving a store to have at least one shopping bag or an entire shopping cart of purchased items that must be tended to while returning to their cars.  It is common sense and part of the shared experienced that there are many distractions in and around retail stores that may prevent invitees from taking notice of open and obvious dangers on the premises.  In this regard, illustration four to comment f of § 343A(1) is instructive:

> Through the negligence of A Grocery Store a fallen rainspout is permitted to lie across a footpath alongside the store, which is used by customers as an exit.  B, a customer, leaves the store with her arms full of bundles which obstruct her vision, and does not see the spout.  She trips over it, and is injured.  If it is found that A

12

should have reasonably anticipated this, A is subject to liability to B.

Restatement (Second) of Torts § 343A(1) cmt. f, illus. 4 (1965). In the present case the evidence

shows that Mrs. Edwards left the store carrying her shoulder bag, a bag of purchased items, and a

bag of popcorn. Even if the parking barrier over which she tripped and fell was open and

obvious, like the rainspout in illustration four, it was foreseeable to Target under the

circumstances that she would be distracted from and not observe the danger. Accordingly,

Target had a duty to protect Mrs. Edwards from the dangers because her injuries were

foreseeable.

Second, an invitee's injuries may also be foreseeable to a possessor of land where "'the

possessor has reason to expect that the invitee will proceed to encounter the known or obvious

danger because to a reasonable man in his position the advantages of doing so would outweigh

the apparent risk.'" *McIntosh*, 319 S.W.3d at 390 (quoting Restatement (Second) of Torts §

343A(1) cmt. f (1965)). Even if the parking barrier was an open and obvious danger in this case,

the benefits of Mrs. Edwards encountering it outweighed the risks of her doing so. As discussed

in the facts detailed above, Mrs. Edwards entered the Target by walking behind the row of cars

parked in the south lot and in the traffic lane that allowed customers to access the lot. Mrs.

Edwards's testimony is that she chose to use the path between the store and the parking barriers

when leaving because she was afraid that the car parked in the first space would run over her if

she walked behind it when returning to her car. Depo. Mary Edwards, DN 14-3, p. 28:21-29:9.

Mrs. Edwards testified that when she left the store she saw someone sitting and smoking in the

car parked in the first space in the south lot. Because Mrs. Edwards was afraid the car might

back out while she was behind it, she thought, "I'll go in front of her car so if she's gonna back

out, she's not gonna run me over." *Id.* at p. 29:8-9. Even if the parking barrier was an open and

13

obvious danger, a reasonable person in Mrs. Edwards's position would have chosen to encounter

it rather than risk being struck by a vehicle leaving the parking lot.  Accordingly, Mrs. Edwards's

injuries were foreseeable to Target because the advantages of encountering the danger

outweighed the apparent risks of doing so.

The Court has found that the condition created by the parking barrier was not an open and

obvious danger.  But even assuming that it was, Target still had a duty to protect Mrs. Edwards

from the danger because her injuries were foreseeable.  Whether Target acted reasonably or

breached that duty is a question left for the jury to decide.  Simply put, the jury must determine

the alleged comparative fault in this matter and make apportionment where required.

## CONCLUSION

The Defendant has moved for summary judgment on the grounds that the condition

created by the parking barrier in the south lot was an open and obvious danger and the Plaintiff's

injuries were not foreseeable.  For all the foregoing reasons, the Defendant's motion is DENIED.