# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:11-CV-00138-TBR

FILED
VANESSA L. ARMSTRONG, CLERK
SEP 18 2012
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## MARY EDWARDS AND LEW EDWARDS

v.

## TARGET CORPORATION

# JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of each claim in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is a role reserved to the jury, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiffs have proven their case against the defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for both parties may have talked about the law during their arguments. But if what they said was different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. Corporations, including Target Corporation, stand equal with individuals before the law and are entitled to the same fair trial as are private individuals.

2

Another part of your job as jurors is to decide the credibility of each witness. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed light on the witness's believability. Use your common sense and your everyday experience in dealing with other people when deciding credibility. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you must select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions with you to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages should be

3

sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should remain confidential until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

4

## INSTRUCTION NO. 1

### Definition of "Ordinary Care"

The term "ordinary care" is used in these Instructions.  For the purposes of your deliberations, the term "ordinary care" is defined as follows.  As it applies to Plaintiff Mary Edwards, "ordinary care" means such care that an ordinarily prudent person would exercise under the same or similar circumstances.  As it applies to Defendant Target Corporation, "ordinary care" means such care that an ordinarily prudent person engaged in the same type of business would exercise under the same or similar circumstances.

**INSTRUCTION NO. 2**

**Definition of "Preponderance of the Evidence"**

The term "preponderance of the evidence" is used in these Instructions and deserves additional explanation.  To establish by the "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue in this case has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

6