## INSTRUCTION NO. 3

### Defendant's Duty to Keep Reasonably Safe Premises

Defendant Target Corporation had a duty to keep its premises in a reasonably safe condition for use by its patrons, including Plaintiff Mary Edwards. Do you believe by a preponderance of the evidence that Defendant Target Corporation failed to comply with this duty and that such failure was a substantial factor in causing Plaintiff Mary Edwards's injuries?

YES (Defendant Target Corporation failed) ✓          NO _____

Foreperson (sign) #85                                        9/18/12
                                                            Date

*(If you have answered NO to Instruction No. 3, your verdict is complete. Please return to the courtroom. If you have answered YES, please continue to Instruction No. 4.)*

FILED
VANESSA L. ARMSTRONG, CLERK

SEP 18 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

7

# INSTRUCTION NO. 4

## Plaintiff's Duty to Use Ordinary Care

It was Plaintiff Mary Edwards's duty upon the occasion in question to exercise ordinary care for her own safety and protection. Do you believe by a preponderance of the evidence that Plaintiff Mary Edwards failed to comply with her duty and such failure was a substantial factor in causing her injuries?

YES (Plaintiff Mary Edwards failed) ___✓___    NO _____

_____    _____    __9/18/12__
Foreperson (Sign)                Date

*(If you answered YES to Instruction No. 4, please continue to Instruction No. 5. Otherwise proceed to Instruction No. 6.)*

## INSTRUCTION NO. 5

### Comparative Fault

Having found that Defendant Target Corporation failed to keep its premises in a reasonably safe condition and that Plaintiff Mary Edwards failed to exercise ordinary care for her own safety, you must indicate in the following blank spaces what percentage of the total fault was attributable to each of the parties. In determining the percentages of fault you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between its or her conduct and the damages claimed.

| Party | Percentage of Fault |
|---|---|
| Plaintiff Mary Edwards | 90 |
| Defendant Target Corporation | 10 |
| **Total** | 100% |

_____ ✓ _____        9/18/12
Foreperson (Sign)  #85        Date

*(Please continue to Instruction No. 6.)*

9

# INSTRUCTION NO. 6

## Compensatory Damages

You must now determine the sums of money that will fairly and reasonably compensate Plaintiff Mary Edwards for such of the following damages as you believe from the evidence she has sustained directly by reason of this incident. Any award you give must be fair compensation – no more and no less. In awarding this measure of damages, no evidence of the monetary value of any intangible things such as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial. In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff Mary Edwards prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In addition to Plaintiff Mary Edwards's claim for compensatory damages, her husband, Lew Edwards, seeks to recover against Defendant Target Corporation for any loss of consortium with his wife that directly resulted from this incident. "Consortium" means the services, assistance, aid, society, companionship, and conjugal relationship that may have existed between Mary and Lew Edwards. You may, in your discretion, award an amount of damages that you feel will fairly and reasonably compensate Lew Edwards for any loss of consortium with his wife that directly resulted from this incident.

You shall consider whether to award Mary and Lew Edwards compensatory damages as described in the following categories:

### Mary Edwards's Compensatory Damages

A. *Medical Expenses To Date*      $ 50,936.31
Medical expenses that Plaintiff Mary Edwards previously incurred, not to exceed $50,936.31 (the amount requested by Plaintiff).

B. *Future Medical Expenses*      $ 0
Any medical expenses that you believe from the evidence that Plaintiff Mary Edwards is reasonably likely to incur in the future for the treatment of the injuries arising from this incident, not to exceed $3,000.00 (the amount request by Plaintiff).

C. *Physical or Mental Pain and Suffering*      $ ~~0~~ 5,000
Any physical or mental pain and suffering that Plaintiff Mary Edward has experienced or will experience in the future because of this incident, not to exceed $450,000.00 (the amount requested by Plaintiff). *No Change as requested*

D. *Lost Wages and Income*      $ 0
Any wages or income that Plaintiff Mary Edwards lost by reason of this incident, not to exceed $4,200.00 (the amount request by Plaintiff).

E. *Impairment of Earnings Ability*      $ 0
Any amount of money that Plaintiff Mary Edwards has lost by reason of the impairment of her ability to earn wages and income in the future, not to exceed $62,000.00 (the amount requested by Plaintiff).

**Mary Edwards's TOTAL Compensatory Damages**      $ 55,936.31
(Sum of A, B, C, D, and E)

 

Foreperson (Sign)            9/18/12
                                  Date

11

**Lew Edwards's Compensatory Damages**

    A. *Loss of Consortium*                                      $ 0

       Whatever loss of consortium, whatever loss of services, assistance, aid, society, companionship, and conjugal relationship Lew Edwards suffered as a direct result of the injuries suffered by Mary Edwards as a result of this incident, including any amount he is reasonably certain to sustain in future losses ~~$100,000.00 (the amount requested by Pla~~

                       _____                9/18/12
                         Foreperson (Sign)                 Date

*(After completing this Instruction, please return to the courtroom.)*